missal are concerned, it cannot be sustained, nor can it be sustained for any other reason. There is one feature of the case which, in our opinion, may properly be noticed. The defendant, by her answer, admitted her liability for $17.85 for five days' services from September 8th to September 13th, and alleged a tender, but failed to make the tender in court. Upon the first appeal (33 Misc. Rep. 780, 67 N. Y. Supp. 969) this court held that this tender was not available, because not kept good by a payment in court, and the plaintiff was clearly entitled to a judgment for at least the amount admitted by defendant's answer to be due. Upon the second appeal (35 Misc. Rep. 818, 72 N. Y. Supp. 1098) this court in effect reiterated this decision, and held, further, that the tender which defendant was required to make, in addition to the sum concededly owing to the plaintiff, must include the costs of the successful appeal and the disbursements and costs paid below on the first trial. Before going into the third trial the defendant tendered into court the sum of $17.85, conceded by her answer to be due (without interest, however), and the sum of $53, the disbursements and costs of the first two trials, but not the costs of either the first two appeals. This was clearly an insufficient tender, as the court has held upon the second appeal of this case; but the question of the sufficiency of the tender is not important, for in our judgment the plaintiff established her claim to the full extent alleged in her complaint. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event, and the new trial should be had in another district, to be designated in the order.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). To my thinking, the judgment of the learned trial justice was right, for the plaintiff failed to prove performance of the contract she pleaded. The course of the trial moved the court to ask, "Then you are suing for breach of contract, are you?" That brought from the plaintiff's counsel, "You have the complaint before you," and later, after being told it would do no harm to state and save time. "I have forgotten myself; I have not read the complaint since the last trial." So he stood by his pleading upon an express contract until he had rested, and his opponent had moved and stated the reasons for dismissal. Then he said, "We are suing for work, labor, and services," to which the court returned, "But your complaint expresses your theory, and, when I asked you, * * * you stated that the complaint was before me." The plaintiff may not be helped here by the admission in the answer; for it was part of an allegation asserting a different relation from that asserted in the complaint, and one may not avail of part of an allegation without adopting the whole.

In re CRUISKSHANK. (Supreme Court, Appellate Division, Second Department. April 24, 1903.) In the matter of the petition of Warren Cruiskshank for an order revoking and cancelling liquor tax certificate No. 2,901, issued to Henry Hesterberg. No opinion. Order affirmed, with $10 costs and disbursements.

CSATLOS, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. February 20, 1903.) Motion for a reargument.

PER CURIAM. There have been two trials. On the first appeal there was a reversal (75 N. Y. Supp. 583), on the ground that there were errors in the charge; and it was intimated in the opinion, also, that the evidence did not warrant a recovery for negligence in the operation of the car, but, if at all, for negligence in failing to furnish an efficient brake. On the second appeal (79 N. Y. Supp. 653) the judgment was reversed, on the ground that there was a mistrial; this court upon the evidence finding it impossible to determine whether the defendant's liability was predicated on negligent operation of the car or on failure to provide an efficient brake. On the latter subject the verdict was clearly against the weight of evidence. Moreover, when the jury first returned their verdict, they refused to credit the testimony of the driver, who was the principal witness of the plaintiff, both as to negligent operation of the car and as to there being a defective brake. The driver alone testified that there was a defective brake. The testimony of the other witness (Harrison) was merely that the car did not at once stop when the brake was applied. The jury did not credit the testimony of the driver (which this court characterized as "highly incredible and discreditable" by its proven false statements); one of the jurors stating that "some of the jury decided to throw out practically the evidence of the driver." On the subject of the negligent operation of the car, it was pointed out that the testimony on the new trial differed somewhat in plaintiff's favor, and, if credited, tended to show that the driver had not exercised diligence in endeavoring to stop the car when he saw the plaintiff. Our opinion stated the respects in which the testimony of the driver was different, and wherein the testimony of the witness Harrison was different; that Mrs. Csatlos testified differently, and that the testimony of Miss Mick, who was with the plaintiff at the time, was also different. This latter statement was erroneous, for a re-examination of the record discloses that the testimony of Miss Mick is preceded by a sentence to the effect that her testimony on the first trial was read. It was, therefore, the same as upon the first trial. This error, which in no way affects the argument or the results, is the one first stated and relied on by the plaintiff upon this motion for a reargument; but no material point is involved, and all that is necessary in any event is simply to strike from the opinion the words referring to Miss Mick's testimony. The fact remains that the other testimony referred to, and particularly that of the driver, is, if credited, more in plaintiff's favor now than on the first trial. It is further insisted that, the jury having concluded that the driver was negligent in the operation of the car, their finding as to the defective brake may be entirely disregarded, and the judgment affirmed. We are referred to several cases wherein it has been held, as stated in Murray v. N. Y. Life Ins. Co., 96 N. Y. 614, 48 Am. Rep. 658, that "it is not necessary that a jury, in order to find a verdict, should concur in a single view of the transaction disclosed by the evidence. If the conclusion may be justified upon